UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HOEFER WYSOCKI ARCHITECTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CARNEGIE MANAGEMENT & DEVELOPMENT CORPORATION <br> Serve: <br> Valerie L. Tolbert, Registered Agent <br> 27500 Detroit Road, Suite 300 <br> Westlake, Ohio 44145. <br><br> and <br><br> FEDCAR COMPANY LTD. <br> Serve: <br> George J. Papandreas, Registered Agent <br> 27500 Detroit Road, 3rd Floor <br> Westlake, Ohio 44145 <br><br> and <br><br> RICHARD FLEISCHMAN + PARTNERS ARCHITECTS, INC. <br> Serve: <br> Richard Fleishman, Registered Agent <br> 9619 Lakeshore Blvd. <br> Bratehahl, Ohio 44108 <br><br> and <br><br> WESTLAKE, REED, LESKOSKY, LTD. <br> Serve: <br> ACME Agent, Inc., Registered Agent <br> 41 South High Street, Suite 2800 <br> Columbus, Ohio 43215 <br><br> Defendants. | Case No. <u>4:11-CV-00678</u> |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

COMES NOW Hoefer Wysocki Architects, LLC ("Plaintiff"), by and through its

attorneys, Norris & Keplinger, LLC, and for its complaint against defendants Carnegie Management & Development Co. ("Carnegie"), Fedcar Company Ltd. ("Fedcar"), Richard Fleischman + Partners Architects, Inc. ("RFPA") and Westlake Reed Leskosky ("WRL") (collectively referred to herein as "Defendants"), alleges and states as follows:

## Jurisdiction and Venue

1. This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. This Court has original and exclusive subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Copyright Act.

3. This Court has personal jurisdiction over Defendants pursuant to Mo. Rev. Stat. § 506.500.1(3) as Defendants committed a tortious act within the State of Missouri by infringing Plaintiff's copyright within the state of Missouri. Moreover, on information and belief, defendants Carnegie and Fedcar solicit, transact and do business within the state of Missouri. Specifically, as more fully set out below, after the construction contract between the GSA and BC Development was terminated, Carnegie and Fedcar, while using the services of defendants RFPA and WRL, entered into negotiations with BC Development in Missouri to co-develop the new FBI field office. Plaintiff's claims arise out of and are related to this conduct, which gives rise to personal jurisdiction over Defendants in Missouri.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) since a substantial part of the events giving rise to these claims occurred in this judicial district and a substantial part of Plaintiff's copyrightable property that is the subject of this action is situated in this judicial district or was situated in this judicial district at the time Defendants' infringement of Plaintiff's copyright.

2

## The Parties

5. Plaintiff is a limited liability company organized and existing under the laws of the State of Kansas, with its current principal place of business and mailing address of 11460 Tomahawk Creek Parkway, Leawood, Kansas 66211. Plaintiff is engaged in the business of architecture and owns certain copyrights that have been violated by Defendants.

6. On information and belief, defendant Carnegie is a corporation organized under the laws of the State of Ohio, with its principal place of business in Westlake, Ohio. Carnegie may be served through its registered agent, Valerie L. Tolbert, 27500 Detroit Road, Suite 300, Westlake, Ohio 44145.

7. On information and belief, defendant Fedcar is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in Westlake, Ohio, and is a subsidiary of Carnegie. Fedcar may be served through its registered agent, George J. Papandreas, 27500 Detroit Road, 3rd Floor, Westlake, Ohio 44145.

8. On information and belief, defendant RFPA is a professional corporation organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. RFPA may be served through its registered agent, Richard Fleishman, 9619 Lakeshore Blvd., Bratehahl, Ohio 44108.

9. On information and belief, defendant WRL is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. WRL may be served through its registered agent, ACME Agent, Inc., 41 South High Street, Suite 2800, Columbus, Ohio 43215.

## Background Facts

10. Plaintiff is an architectural firm involved in the design of, among other things,

buildings for federal agencies.

11. Plaintiff expends considerable time, money, and effort in the design of federal agency buildings in order to assure that, among other things, the building designs have strong customer appeal and that the final construction of such buildings is of high quality.

12. In March of 2007, a contract for the development of a new FBI field office in Indianapolis, Indiana (the "new FBI field office") was awarded by the U.S. General Services Administration ("GSA") to a commercial real estate developer out of Kansas City, Missouri called BC Development Co. ("BC Development").

13. Plaintiff was hired by BC Development to provide architectural services, including but not limited to, the preparation of certain design drawings and other architectural works (collectively referred to as the "architectural works") for the new FBI field office that was to be constructed.

14. Plaintiff is the author and owner of the architectural works relating to development of the new FBI field office.

15. In or about March of 2007, Plaintiff published its design of the new FBI field office.

16. After Plaintiff had prepared and published its architectural works, the contract awarded to BC Development was terminated after BC Development failed to secure its proposed development site. On information and belief, BC Development was not able to control the site because Fedcar had an option on adjacent and partially overlapping property that it would not give up. BC development and Fedcar subsequently entered into negotiations to co-develop the new FBI field office project as a means to keep the project moving forward. During those negotiations, BC Development requested that Plaintiff provide copies of its architectural work to

4

Fedcar, which it did.

17. After the contract awarded to BC Development was terminated, the GSA then awarded the contract for construction of the new FBI field office to Duke Realty Limited Partnership ("Duke") in or about December of 2007.

18. On information and belief, Carnegie, through Fedcar, retained defendants RFPA and WRL to serve as the architect and engineer, respectively, for the design and development of the new FBI field office on behalf of Carnegie and Fedcar.

19. Defendant Carnegie, through Fedcar, Carnegie's government real estate arm, appealed the contract award to Duke.

20. Carnegie and Fedcar were successful in their appeal of the contract award to Duke. Thereafter, in or about February of 2009, each remaining development team was given the opportunity to revise their design and provide a Best and Final Offer (BAFO). On information and belief, Carnegie, Fedcar, RFPA and WRL revised their proposed design to incorporate Plaintiff's design into their BAFO without Plaintiff's permission or consent.

21. Upon information and belief, in or about March of 2009, Defendants, individually and/or collectively, copied or utilized elements of Plaintiff's copyrighted architectural work such that Defendants' design of the new FBI field office is identical to or substantially similar to Plaintiff's copyrighted architectural work.

22. Fedcar was subsequently awarded the contract by the GSA in March of 2009.

23. Upon examination of the Defendants' design in or about April of 2009, Plaintiff learned that its architectural work had been copied and/or derived from Plaintiff's copyrighted architectural work.

24. On August 7, 2009, the United States Copyright Office issued Certificate of

5

{0143728.DOCX}
Case 4:11-cv-00678-GAF   Document 1   Filed 07/11/11   Page 5 of 11

Registration No. VAU 997-159, relating to Plaintiff's architectural work for the new FBI field office (hereinafter the "Registered Work"). A copy of the Certificate of Registration is attached hereto and incorporated herein as **Exhibit A**.

25. On October 7, 2010, Plaintiff sent correspondence to Defendant Fedcar notifying it that Plaintiff owns the copyright in the Registered Work, notifying Fedcar that its design of the new FBI offices was identical or substantially similar to Plaintiff's Registered Work, requesting that Fedcar cease and desist from further copying and using Plaintiff's Registered Work, and requesting that Fedcar provide the identities of the architect(s), engineer(s) and developer(s) of the new FBI field office. Fedcar did not respond.

26. On November 15, 2010, Plaintiff again wrote to Fedcar requesting that it respond to Plaintiff's request that Fedcar cease and desist from further copying and use of Plaintiff's Registered Work.

27. Upon information and belief, Defendants have not, to date, stopped using Plaintiff's Registered Work for their own financial and commercial benefit.

28. The Registered Work contains copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and constitutes an original work of authorship in literary and graphical works, including, but not limited to architectural works.

29. The copyright registration for the Registered Work is valid and enforceable, and Plaintiff owns all right, title, and interest in and to the copyright in the Registered Work.

## COUNT I - COPYRIGHT INFRINGEMENT
## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501

30. Plaintiff adopts and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is, and at all relevant times has been, the sole owner of all rights, title,

6

{0143728.DOCX}
Case 4:11-cv-00678-GAF   Document 1   Filed 07/11/11   Page 6 of 11

and interest in and to the Registered Work.

32. Defendants knowingly and willfully infringed Plaintiff's exclusive right in its Registered Work, in violation of the Copyright Act, 17 U.S.C. §101 *et seq.*, by copying, reproducing, and displaying Plaintiff's Registered Work and/or by creating derivative works based upon Plaintiff's Registered Work.

33. Defendants knew that the infringed Registered Work belonged to Plaintiff, and their Defendants' acts of infringement were performed without the consent or authorization of Plaintiff.

34. Defendants knew or should have known that their acts constituted copyright infringement.

35. As a result of the foregoing, Plaintiff has been damaged by Defendants' acts of copyright infringement and will continue to be damaged unless Defendants are enjoined by this Court.

36. Defendants' infringing activity, as set for hereinabove, has been done knowingly and willfully.

WHEREFORE, Plaintiff prays that this Court enter an order or decree granting the following relief:

(a) A declaration that Defendants' unauthorized conduct violates Plaintiff's rights under the Copyright Act;

(b) Injunctive relief against Defendants pursuant to 17 U.S.C. § 502, enjoining and restraining Defendants from using, copying, reproducing, distributing, marketing, offering to sell, selling, disposing of, licensing, transferring, displaying, advertising or otherwise infringing Plaintiff's copyrighted material;

7

(c) An order impounding all originals, copies, facsimiles, or duplicates of Plaintiff's copyrighted material made or used by Defendants pursuant to 17 U.S.C. § 503;

(d) An order that Defendants return to Plaintiff any and all originals, copies, facsimiles, or duplicates of Plaintiff's copyrighted material in their possession or under their control and provide to Plaintiff an itemized accounting of all of the foregoing;

(e) An order requiring that Defendants destroy all electronic media of every kind or variety containing Plaintiff's copyrighted work or any derivate work thereof;

(f) An award (1) granting Plaintiff actual damages for Defendants' copyright infringement in an amount to be determined at trial, (2) granting Plaintiff damages for profits of Defendants attributable to their infringement in an amount to be determined at trial, or (3) in the alternative, an award of statutory damages for Defendants' copyright infringement pursuant to 17 U.S.C. § 504(c), such award being equal to the maximum amount allowed under the statute for willful infringement;

(g) An order granting Plaintiff its costs of this action, pre-judgment interest, post-judgment interest, and reasonable attorneys fees in accordance with 17 U.S.C. § 505; and

(h) An order granting Plaintiff all other and further relief as Plaintiff may show they are entitled to receive, or which the Court may determine to be just and equitable under the circumstances.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT

37. Plaintiff adopts and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. On information and belief, individuals or entities engaged by Defendants in the design and construction of the new FBI field office directly infringed Plaintiff's copyrighted Registered Work.

39. Defendants had the right and ability to control the infringing activities of the individuals or entities who directly infringed Plaintiff's Registered Work.

40. Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's Registered Work.

41. The acts and conduct of Defendants, as alleged above, constitute vicarious copyright infringement.

42. As a result of Defendants' vicarious copyright infringement, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined by this Court.

43. Defendants' infringing activity, as set for hereinabove, has been done knowingly and willfully.

WHEREFORE, Plaintiff prays that this Court enter an order or decree granting the following relief:

(a) A declaration that Defendants' unauthorized conduct violates Plaintiff's rights under the Copyright Act;

(b) Injunctive relief against Defendants pursuant to 17 U.S.C. § 502, enjoining and restraining Defendants from using, copying, reproducing, distributing, marketing, offering to sell, selling, disposing of, licensing, transferring, displaying,

9
{0143728.DOCX}
Case 4:11-cv-00678-GAF   Document 1   Filed 07/11/11   Page 9 of 11

advertising or otherwise infringing Plaintiff's copyrighted material;

(c)     An order impounding all originals, copies, facsimiles, or duplicates of Plaintiff's copyrighted material made or used by Defendants pursuant to 17 U.S.C. § 503;

(d)     An order that Defendants return to Plaintiff any and all originals, copies, facsimiles, or duplicates of Plaintiff's copyrighted material in their possession or under their control and provide to Plaintiff an itemized accounting of all of the foregoing;

(e)     An order requiring that Defendants destroy all electronic media of every kind or variety containing Plaintiff's copyrighted work or any derivate work thereof;

(f)     An award (1) granting Plaintiff actual damages for Defendants' copyright infringement in an amount to be determined at trial, (2) granting Plaintiff damages for profits of Defendants attributable to their infringement in an amount to be determined at trial, or (3) in the alternative, an award of statutory damages for Defendants' copyright infringement pursuant to 17 U.S.C. § 504(c), such award being equal to the maximum amount allowed under the statute for willful infringement;

(g)     An order granting Plaintiff its costs of this action, pre-judgment interest, post-judgment interest, and reasonable attorneys fees in accordance with 17 U.S.C. § 505; and

(h)     An order granting Plaintiff all other and further relief as Plaintiff may show they are entitled to receive, or which the Court may determine to be just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues raised by this Complaint.

Respectfully submitted,

**NORRIS & KEPLINGER, L.L.C.**


By: /s/ Michael G. Norris
Michael G. Norris, #33416
mnorris@nkfirm.com
Eric S. Playter, #58975
eplayter@nkfirm.com
Financial Plaza II
6800 College Boulevard, Suite 630
Overland Park, Kansas 66211
(913) 663-2000/(913) 663-2006 (FAX)
**ATTORNEYS FOR PLAINTIFF**