**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **HOEFER WYSOCKI** | ) | |
| **ARCHITECTS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-00678-CV-W-GAF** |
| | ) | |
| **CARNEGIE MANAGEMENT &** | ) | |
| **DEVELOPMENT CORP., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Presently before the Court is Defendants Carnegie Management & Development Corp. ("Carnegie"); Fedcar Co., Ltd. ("Fedcar"); Richard Fleischman & Partners Architects, Inc. ("Richard Fleischman"); and Westlake, Reed, Leskosky, Ltd.'s ("Westlake") Motion for Protective Order, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G).[1] (Doc. # 41). Plaintiff Hoefer Wysocki Architects, LLC ("Plaintiff") supports Defendants' Motion but opposes the breadth of Defendants' Proposed Protective Order. (Doc. # 43). For the reasons set forth below, Defendants' Motion is GRANTED.

## DISCUSSION

### I.    FACTS

### A.    Background

---

[1] Carnegie, Fedcar, Richard Fleischman, and Westlake are collectively referred to as "Defendants".

1

Plaintiff filed its Complaint against Defendants on July 11, 2011, alleging Defendants "copied or utilized elements of Plaintiff's copyrighted architectural work." (Doc. # 1). The copyrighted architectural work in dispute involves a federal FBI office in Indianapolis, Indiana (the "FBI Office"). (*Id.*). Plaintiff is an architecture firm originally hired to provide architectural services for the FBI Office. (*Id.*). Fedcar is a landowner that owns land adjacent to the FBI Office and Carnegie is a company that bids on government construction projects such as the FBI Office. (*Id.*; Doc. # 42). Fedcar and Carnegie were eventually awarded the contract involving the FBI Office. (Doc. # 1). Carnegie and Fedcar hired Richard Fleischman and Westlake to provide architectural and engineering services for the FBI Office. (*Id.*). Plaintiff alleges Defendants received copies of Plaintiff's architectural design and modified their design for the FBI Office to incorporate Plaintiff's design without Plaintiff's permission or consent. (*Id.*).

**B.     Defendants' Proposed Protective Order**

Defendants' Proposed Protective Order includes an Attorneys' Eyes Only provision (the "AEO"). (Doc. # 42). The AEO provision would allow a producing party to designate material or documents that have "an extremely high degree of current commercial sensitivity and/or would provide competitive advantage to [a party's] competitors" to be designated as "Attorneys' Eyes Only." (*Id.*). If a party designates material as "Attorney's Eyes Only," that material may only be disclosed to counsel for the parties and their employees, a party's in-house counsel, the Court and Court and deposition staff, witnesses, non-party experts, an author or recipient of the material, and other entities the parties have agreed on.

2

As is relevant to Defendants' request for an AEO provision to be included in the Proposed Protective Order, Carnegie and Plaintiff are competitors because they compete with each other in bidding on governmental construction projects, such as the FBI Office. (Docs. ## 42, 43).

## II.   LEGAL STANDARD

A court may grant a protective order under Rule 26, which states:

> A party or any person from whom discovery is sought may move for a protective order. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . .

Fed. R. Civ. P. 26(c)(1)(G). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"In determining the proper level of protection, the Court must balance the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure." *Netquote, Inc. v. Byrd*, Civil Action No. 07-cv-00630-DME-MEH, at *1 (D. Colo. Aug. 23, 2007) (citing *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981)). An AEO provision may be included in a protective order "to avoid 'an unacceptable risk of or opportunity for 'inadvertent disclosure' of confidential information.'" *White Cap Const. Supply, Inc. v. Tighton Fastener & Supply Corp.*, No. 8:08CV264, 2009 WL 3836891, at *2 (D. Neb. Nov. 13, 2009) (citing *Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405 (N.D. Ill. 2006)). Further, "confidential information that may be used against the company by a direct competitor in the lawsuit is generally afforded more protection." *Netquote*, 2007 WL 2438947, at

3

*1 (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866 (E.D. Pa. 1981)) (additional citation omitted).

## III.    ANALYSIS

The parties agree a protective order is appropriate.  (Doc. # 42).  Defendants assert the Proposed Protective Order should include an AEO provision that gives heightened protection for materials designated as "Attorneys' Eyes Only" and would not allow parties to view material that has been so labeled.  Defendants claim disclosure of certain information without an "Attorneys' Eyes Only" protective designation would give Plaintiff, a competitor, a distinct competitive advantage because Plaintiff could use the commercially sensitive information gleaned from discovery to form a strategy against Defendants when bidding on government construction contracts.  (Doc. # 42).

Plaintiff, however, argues a two-tier protective order is unnecessary.  Plaintiff has five (5) arguments against the Proposed Protective Order including an AEO provision.  Plaintiff argues (1) that, under copyright law, it is entitled to view Defendants' financial information; (2) it will be difficult to determine if material has "an extremely high degree of current commercial sensitivity;" (3) under Defendants' approach, the Court will be required to review a large number of documents; (4) Plaintiff's counsel will need Plaintiff's input regarding Defendants' documents; and (5) an AEO provision is inefficient.  (Doc. # 43).

Protective orders that limit the disclosure and use of confidential information produced by the parties during discovery have become common in litigation.  *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 246 (D. Kan. 2010).  In cases involving sensitive intellectual property, it is not uncommon for a protective order to have different levels, or tiers, of confidentiality, with each tier

4

having different restrictions and protections, such as limiting the individuals who have access to the information. *Id.* (citing J. Christopher Carraway, Discovery Issues in Patent Cases, 982 PLI/Pat 419, at 475-76 (Sept.-Nov. 2009)). If a two-tier system is used, the second tier, usually called "Attorneys' Eyes Only" is reserved for more sensitive information, such as competitive pricing or competitive business financial information. *Id.* (citation omitted). "Courts allowing these two-tier protective orders have generally allowed their entry to protect against business harm that would result from disclosure of sensitive documents to a competitor." *Id.* (citations omitted).

Defendants have shown good cause for a two-tier protective order. Protection of documents and information, by limiting their disclosure to "Attorneys' Eyes Only," is warranted in cases where discovery may cause sensitive information to be disclosed to a competitor. *Id.* at n.14 (citing *Martinez v. City of Ogden*, No. 1:08cv0087TCDN, 2009 WL 424785, at *2 (D. Utah Feb. 18, 2009)). Plaintiff and Carnegie are competitors. (Docs. ## 42, 43, 45). This litigation will probably involve disclosure of trade secrets and other information that could affect their competitive position when bidding for future government construction contracts. An AEO provision allows the parties in good faith to designate that certain materials may not be viewed by parties and constitutes a practical and cost-effective way to protect the parties respective interests in their most sensitive information from a competitor, while complying with their obligations for discovery. *See Layne*, 271 F.R.D. at 247.

Further, including an AEO provision would not completely deny Plaintiff access to Defendants' information. Instead, Plaintiff's counsel would be able to review the designated material. *See Association Voice, Inc. v. AtHomeNet, Inc.*, Civil Action No. 10-cv-00109-CMA-MEH, 2010 WL 1258062, at *3 (D. Colo. Mar. 29, 2010).

Plaintiff's arguments against an AEO provision are unconvincing. Plaintiff's argument that it is entitled to view Defendants' financial information under copyright law is not persuasive. If Plaintiff believes Defendants' financial information is relevant to its claim, Plaintiff can still obtain Defendants' financial information through discovery if an AEO provision is included in the Proposed Protective Order. Further, if the information is designated "Attorneys' Eyes Only," Plaintiff's attorneys can review the information, although Plaintiff cannot. That still gives Plaintiff the ability to utilize Defendants' relevant financial information.

Plaintiff's argument that it will be difficult to determine which material should be designated "Attorneys' Eyes Only" is also unconvincing. Defendants' proposed AEO provision includes a specific definition of material that may be designated as "Attorneys' Eyes Only:" those that "have an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed." Further, if Plaintiff disagrees with a designation of "Attorneys' Eyes Only," the Proposed Protective Order includes a mechanism whereby a party may challenge a designation. Plaintiff's arguments that an AEO provision will require the Court review a large number of documents and will be otherwise inefficient are also unavailing. Although an AEO provision may require the Court to review additional documents, including an AEO provision in a protective order is commonly ordered by courts. *See Blanchard & Co., Inc. v. Barrick Gold Corp.*, Case No. 02-3721, 2004 WL 737485, at *8 (E.D. La. Apr. 5, 2004) (stating AEO restrictions "are commonplace where parties are competitors").

Finally, Plaintiff's argument that Plaintiff's counsel will need Plaintiff's assistance in interpreting the content or significance of materials produced in discovery is also unpersuasive. If this were true, then courts would never issue AEO protective orders in cases involving sensitive

6

business information, as plaintiffs would always "need" to see this information to prosecute their cases. *See Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 556 (C.D. Cal. 2007). Attorneys for plaintiffs commonly manage to conduct discovery and litigation strategy without revealing confidential information to their clients. *See id.* Plaintiff has not shown how this case is unique or why Plaintiff's prosecution of its case is different from other cases involving an AEO provision.

Defendant has shown good cause for the inclusion of an AEO provision and Plaintiff has failed to show that an AEO provision will be overly burdensome for Plaintiff. Accordingly, it is

**ORDERED** Defendants' Motion is GRANTED.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the issuance of this Protective Order. Thereby, disclosure of information in this case is subject to the following confidentiality provisions:

## I.   DEFINITIONS

1.   As used in this Protective Order,

    A.   "Designating Party" means any Person who designates Material as Confidential Material.

    B.   "Discovering Counsel" means counsel of record for a Discovering Party.

    C.   "Discovering Party" means the Party to whom the Material is being Provided by a Producing Party.

    D.   "Confidential Material" means any Material designated as "Confidential" or, where appropriate, "Attorneys' Eyes Only", in accordance with the terms of this Protective Order.

E.    "Material" means any documents, testimony, or information in any form or medium whatsoever, including, without limitation, any written or printed matter Provided in this action by a Party before or after the date of this Protective Order.

F.    "Party" means all Parties to this action, their attorneys of record, and their agents.

G.    "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

H.    "Producing Party" means any Person who Provides Material during the course of this action.

I.    "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## II.    <u>CONFIDENTIAL DESIGNATION</u>

2.    A Producing Party may:

A.    Designate as "Confidential" any Material Provided to a Party that contains or discloses any of the following:

    i.    Non-public insider information, personnel files, financial information, trade secrets, confidential commercial information, proprietary information, or other confidential or sensitive information, which the Producing Party determines in good faith should be kept confidential; and

    ii.    Information the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

8

B.    Designate as "Attorneys' Eyes Only" any Material that a Party contends discloses or contains information that they in good faith believe to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

3.    A Producing Party shall stamp as "Confidential" or "Attorneys' Eyes Only" Materials that the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Protective Order.  A Producing Party may designate Confidential Material for protection under this Order by:

A.    Physically marking it with the following inscription prior to Providing it to a Party:

**CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER**; or

**ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER**;

or

B.    By identifying with specificity in writing to the Discovering Party any previously Provided Material that was not designated as Confidential Material prior to being Provided.  For purposes of this method of designation, it will be a sufficiently specific identification to refer to the Bates numbers or deposition page numbers of previously Provided Material.

Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous

9

subparagraph. Upon receipt of the additional copies that comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material or will destroy all the previously Provided Material. For previously Provided Material that was not designated as Confidential Material when it was Provided, this Order shall apply to such Materials beginning on the date the Producing Party makes such designations.

4.  All costs associated with the designations of Material as "Confidential" or "Attorneys' Eyes Only" involving, for example, the cost of binding confidential portions of deposition transcripts, shall be initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

5.  The designation of documents as "Confidential" or "Attorneys' Eyes Only" does not entitle the parties to have those documents filed under seal. An application, including a stipulated application to file documents under seal, must comply with all applicable Local Rules.

## III.  RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

6.  Confidential Material designated as "Confidential" shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 9 of this Protective Order and otherwise in accordance with the terms, conditions, and restrictions of this Order. Confidential Material designated as "Attorneys' Eyes Only" shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 10 of this Protective Order.

10

7.     Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 9 or 10 as appropriate, for any purpose, including, without limitation, any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

8.     All Confidential Material shall be kept secure by Discovering Counsel and such Discovering Counsel shall take all reasonable steps necessary to ensure that access to Confidential Material is limited to Persons authorized pursuant to paragraphs 9 or 10 of this Protective Order.

9.     For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Order, Discovering Counsel may disclose Material designated as "Confidential" and the contents of Material designated as "Confidential" only to the following Persons:

   A.     Counsel of record working on this action on behalf of any Party and Counsel's employees who are directly participating in this action, including Counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

   B.     In-house or outside corporate Counsel to a Party;

   C.     Court and deposition reporters and their staff;

   D.     The Court and any Person employed by the Court whose duties require access to Material designated as "Confidential;"

E.    Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 14-16;

F.    Experts and consultants assisting Counsel with respect to this action and their secretarial, technical, and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 14-16;

G.    Officers, directors, and employees of the Parties hereto who have a need to review Material designated as "Confidential" to assist in connection with this litigation subject to the limitations set forth herein;

H.    Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

I.    Any Person identified on the face of any such Material designated as "Confidential" as an author or recipient thereof;

J.    Any Person who is determined to have been an author and/or previous recipient of the Material designated as "Confidential," but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as "Confidential" by such Person; and

K.    Any Person who the Parties agree in writing may receive Material designated as "Confidential."

The Parties shall make a good faith effort to limit dissemination of Material designated as "Confidential" within these categories to Persons who have reasonable need for access thereto.

Case 4:11-cv-00678-GAF   Document 47   Filed 01/25/12   Page 12 of 23

10. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Order, the Discovering Counsel may disclose confidential financial Material designated as "Attorneys' Eyes Only," and the contents of Material so designated, only to the following persons:

A. Counsel of record for the Parties to this action and Counsel's employees who are directly participating in this action, including Counsel's partners, associates, paralegals, assistants, and secretarial and clerical staff;

B. In-house or outside corporate Counsel to a Party;

C. Court and deposition reporters and their staff;

D. The Court and any Person employed by the Court whose duties require access to Material designated as "Attorneys' Eyes Only;"

E. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 14-16;

F. Non-party experts and consultants assisting Counsel with respect to this action and their secretarial, technical, and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 14-16;

G. Any Person identified on the face of any such Material designated as "Attorneys' Eyes Only" as an author or recipient thereof;

H. Any Person who is determined to have been an author or previous recipient of the Material designated as "Attorneys' Eyes Only," but is not identified on the face

13

thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as "Attorneys' Eyes Only" by such Persons; and

I.      Any Person who the Parties agree in writing may receive Material designated as "Attorneys' Eyes Only."

## IV.     INFORMATION PROTECTED BY GOVERNMENTAL SECURITY CLEARANCE

11.     Some of the documents and information in the Parties' possession in this case that relate to the Indianapolis, Indiana FBI field office project may be subject to FBI confidentiality and security clearances or descriptions. If any such documents or Materials are responsive to any discovery requests in this case, the Producing Party in possession of such documents shall identify such documents in summary fashion, similar to the description utilized in a privilege log, to the Discovering Party. It shall be the obligation of the Discovering Party to provide definitive proof that it has complied with and will continue to comply with all applicable governmental rules and laws relating to obtaining and securing proper access to such documents before the Producing Party has any obligation to provide such Materials. A Producing Party shall not be obligated to produce such documents that may be subject to FBI confidentiality and security clearances or descriptions unless and until the Discovering Party has secured such clearance.

## V.      UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

12.     Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 9(f), 9(g), or 10(f) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read this Protective Order in its entirety, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of this

14

Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 9(f), 9(g), or 10(f) to whom Discovering Counsel discloses Confidential Material.

13. The individuals designated in subparagraphs 10(a) and 10(b) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as "Attorneys' Eyes Only," or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed, or to any other Persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraphs 10(a) and 10(b) shall retain all "Attorneys' Eyes Only" Material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized Persons.

## VI.   DEPOSITIONS

14. Those portions of depositions taken by any Party at which any Material designated as "Confidential" is used or inquired into, may not be conducted in the presence of any Person other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 9 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated "Attorneys' Eyes Only" is used or inquired into, only those Persons authorized under Paragraph 10 to view such Material may be present.

Case 4:11-cv-00678-GAF   Document 47   Filed 01/25/12   Page 15 of 23

15.    Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the tesimony of the deponent or any exhibits to his or her testimony is to be treated as Confidential Material.  Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibits are to be treated as Confidential Material.  Failure of counsel to designate testimony or exhibits as Confidential at deposition, however, shall not consitute a waiver of the protected status of the tesimony or exhibits. Within thirty (30) days of receipt of the final transcript of the deposition, or thirty (30) days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material.  Any exhibits designated as Confidential Material when they were produced shall maintain such designation when used in a deposition, absent express consent from the Producing Party.  If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential within thirty (30) days, any other Party shall be entitled to treat the transcript or exhibits as non-confidential Material.  For purposes of this paragraph, this Protective Order shall be deemed "effective" on the date on which it has been executed by Counsel for all Parties.

16.    When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain the portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents.  The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the

16

Material as Confidential Material.  For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material that cannot be conveniently segregated from non-confidential Material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

**VII.   USE OF CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

17.   Use of any Material subject to this Protective Order, including all information derived therein, shall be restricted solely to the litigation of this case and shall not be used in other litigation by or against the Parties or used by anyone subject to the terms of this Proetctive Order, for any business, commercial, or competitive purpose.

18.   When a Party wishes to file with the Court any document, including motion papers themselves, that reveals any Confidential Material, that Party shall request the Court accept such documents under seal, and they shall be labeled as follows: "This Document Is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order."  The Parties will request the Clerk keep such documents under seal and that they be made available only to the Court or persons authorized by the terms of this Order to have access thereto.

**VIII.  OBJECTIONS TO DESIGNATION**

19.   Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law.  The Designating Party shall meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute within five (5) days.  The Designating Party shall have ten (10) days

17

from the initial meet and confer to file a motion to uphold the designation of the material in question.  Any such motion shall be set for hearing on the first available date.  If no motion is filed within ten (10) days, or any mutually agreed to extension of time, all Parties may treat the Material as non-confidential.  To maintain the designation as Confidential Material and to prevail on such a motion, the Designating Party must show by a preponderance of the evidence there is good cause for the desingation as Confidential Material.  Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material.

20.     Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37.1.

## IX.     RETURN OF MATERIAL

21.     Within ninety (90) days after the final settlement or termination of this action, Discovering Counsel shall return or destroy, at the option and expense of Discovering Counsel, all Materials Provided by a Producing Party and all copies thereof except to the extent any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent such Material has been filed with a court in which proceedings related to this action are being conducted.  In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product that embodies Confidential Material together with all of the signed Undertakings they are required to preserve pursuant to Paragraph 11, and shall not

18

make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Protective Order shall survive the termination of this action. To the extent Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon request, counsel for each Party shall verify in writing they have complied with the provisions of this paragraph.

## X. <u>SCOPE OF THIS ORDER</u>

22. Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product that embodies Confidential Material, this Protective Order is strictly a pre-trial order; it does not govern the trial in this action.

23. Not later than seven (7) days before trial in this action, Counsel agrees to meet and confer concerning the use at trial of Confidential Material.

24. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under Missouri or federal law, Material the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to Missouri law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise require discovery be conducted according to governing laws and rules.

19

25. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

26. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

27. This Protective Order shall not affect any contractual, statutory, or other legal obligations or the rights of any Party or Person with respect to Confidential Material designated by that Party.

28. The restrictions set out in this Protective Order shall not apply to any Material which:

   A. At the time it is Provided is available to the public;

   B. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

   C. The Discovering Party can show

      i. It was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

      ii. It was received by the Discovering Party, after the time it was designated as Confidential Material, from a third party having the right to make such disclosure.

29. If any Material protected by this Protective Order is subpoenaed from the Discovering Party by any court, administrative, or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such Material, the Party to whom

20

the subpeona or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **HOEFER WYSOCKI** | ) | |
| **ARCHITECTS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-00678-CV-W-GAF** |
| | ) | |
| **CARNEGIE MANAGEMENT &** | ) | |
| **DEVELOPMENT CORP., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNDERTAKING TO BE BOUND BY THE PRE-TRIAL PROTECTIVE ORDER**
**REGARDING CONFIDENTIALITY OF DOCUMENTS**

21

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order issued by the United States District Court for the Western District of Missouri in the case of *Hoefer Wysocki Architects, LLC v. Carnegie Management & Development Corp., et al.,* Case No. 11-00678-CV-W-GAF. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise I will not disclose in any manner any information or item subject to this Protective Order to any person or entity except in compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Missouri for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Signed: _____        _____

[Print Name]                                    [Signature]

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

22

DATED:   January 25, 2012